**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Taylor L. Emerson, Esq. (SBN 225303)
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile:   (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com
temerson@bradleygrombacher.com

Attorneys for Plaintiffs, SILVIA ROGEL
and COLEEN GRAY-HAY

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVIA ROGEL, an individual; COLEEN GRAY-HAY, an individual; on their own behalves and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>AVON PRODUCTS, INC., a New York corporation, NEW AVON, LLC., a Delaware limited liability company, and CERBERUS CAPITAL MANAGEMENT, L.P., a foreign limited partnership<br><br>       Defendants. | Case No.<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT FOR:**<br><br>1. **Meal and Rest Break Violations (California *Labor Code* §§ 200, 226.7, 512, and 12 CCR § 11040);**<br>2. **Failure to Pay Overtime Compensation (*Welfare Commission Orders* and California *Labor Code* §§ 510, 1194);**<br>3. **Failure to Pay Overtime Compensation (New Jersey *Labor Code* §§ 510, 1194);**<br>4. **Failure to Provide Proper Wage Statement (California *Labor Code* § 226(a));**<br>5. **Failure to Pay Wages at the Time of Termination (California *Labor Code* §§ 201-203);**<br>6. **Unfair Business Practices (*Business and Professions Code* § 17200);**<br>7. **Failure to Pay All Wages and Overtime Compensation in Violation of the Fair Labor Standards Act ("FLSA");**<br>8. **Violation of the United States Worker Adjustment and Retraining Notification** |

Act (Federal Rule of Civil Procedure
23(a), (b)(1), and (3) and the WARN Act
(29 U.S.C. §2104(a)(5));
9. **Violation of the California WARN Act
(Cal. Lab. Code §§ 1400 et seq.); and,**
10. **Violation of New Jersey WARN Act**


**DEMAND FOR JURY TRIAL**


NOW COME Plaintiffs Silvia Rogel and Coleen Gray-Hay (collectively, "Plaintiffs") by and through their attorneys, on behalf of themselves and all others similarly situated, allege as follows:

## **INTRODUCTION**

1.      AVON was founded in 1886 and has grown to become the world's largest direct seller of beauty and beauty-related products, with $5.7 billion in annual revenue in 2017. AVON' business is "primarily conducted in one channel, direct sale.[1]"  Avon markets its products to women in 74 countries and territories through its approximately six million direct sales Representatives worldwide[2]. Sales Representative in regions around the world.

2.      As AVON itself explains, "[a] Representative contacts their customers directly, selling primarily through our brochure, which highlights new products and special promotions for each sales campaign. In this sense, the Representative, together with the brochure, are the 'store' through which our products are sold."[3]

3.      The recruiting or appointing and training of Representatives are the primary responsibilities of district sales managers, zone managers and independent leaders.  Personal contacts, including recommendations from current Representatives (including the sales

---

[1]
http://investor.avonworldwide.com/Cache/1500109330.PDF?O=PDF&T=&Y=&D=&FID=1500109330&iid=300
9091 (last viewed December 31, 2018.)
[2] Id.
[3] Id.

leadership program), and local market advertising constitute the primary means of obtaining new Representatives.

4.      Curiously, some of these individuals are classified by Avon as "employees" while other are classified as "independent contractors".

5.      This complaint challenges systemic illegal employment practices by defendants, Avon Products, Inc., New Avon, LLC., and Cerberus Capital Management, L.P., (collectively, "Defendants") resulting in violations of the California *Labor Code*, the California *Business and Professions Code, the Fair Labor Standards Act,* 29 U.S.C. § 207 *et. seq.* ("FLSA"), the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.,* (the "WARN Act") and the California WARN Act, Cal. Lab. Code § 1400 *et seq.* (the "California WARN Act").

6.      Plaintiffs allege that Defendants misclassified individuals they employed in the position of "District Sales Manager" as "independent contractors" when the true classification should have been that of "employee."   Plaintiffs seek relief on behalf of themselves and the members of the plaintiff class as a result of employment policies, practices and procedures more specifically described below, which violate the California *Labor Code*, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards, and which have resulted in the failure of Defendants to pay Plaintiffs and members of the plaintiff class all wages due to them.

7.      By misclassifying Plaintiffs and similarly situated District Sales Managers as independent contractors, Defendants have sought to avoid various duties and obligations owed to employees under California's *Labor Code* and Industrial Welfare Commission ("IWC") wage orders, including: the duty to indemnify employees for all expenses and losses necessarily incurred in connection with their employment (Cal. *Labor Code* § 2802; IWC wage order No. 4, §§ 8-9); the duty to provide off-duty meal periods (Cal. *Labor Code* §§ 512, 226.7; IWC wage order No. 4, § 11);); the duty to authorize and permit paid rest periods (Cal. *Labor Code* §§ 226.7, 1194; IWC wage order No. 1, § 12); the duty to pay overtime premium pay under California state law (Cal. *Labor Code* §, IWC wage order No. 4) and the federal Fair Labor Standards Act (), and other legal obligations.

8.     Defendants' policy of willfully and unlawfully misclassifying their District Sales Managers as "independent contractors" and thereby refusing to indemnify them for employment-related expenses and losses, taking wrongful deductions from their wages, coercing them to purchase necessary services and items, failing to provide off-duty meal periods, failing to authorize and permit paid rest periods, failing to document actual hours worked on pay statements as required by California law, and failing to pay state and federal overtime premium pay. This misclassification policy has been in effect since at least January of 2015The policies, practices and customs of Defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the structures of the California *Labor Code*, California *Business and Professions Code*, and Fair Labor Standards Act.

9.     Additionally, Plaintiffs seek recovery on behalf of themselves and other similarly situated employees of Defendants of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendants' violation of Plaintiffs' rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 -- 2109 (the "WARN Act") the California WARN Act, Cal. *Lab. Code* § 1400 et seq. (the "California WARN Act") and the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act, N.J.S.A, § 34:21-1, et. seq. ("New Jersey WARN Act").

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332(d)(2), 1367, 29 U.S.C. § 216(b)). and 29 U.S.C. § 2104(a)(5).  The amount in controversy exceeds $5,000,000, there are more than 100 putative class members, and Plaintiffs and Defendants are citizens of different states. All of the claims are derived from a common nucleus of operative facts and are such that Plaintiffs ordinarily would expect to try them in one judicial proceeding.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c) because the Defendants transact substantial business within, and are subject to personal jurisdiction in, this judicial district.

**INTRADISTRICT ASSIGNMENT**

**(NORTHERN DISTRICT CIVIL LOCAL RULE 3-2)**

12.     This action is properly assigned to the San Francisco Division of this District pursuant to Northern District of California, Civil Local Rule 3-2 because a substantial part of the events or omissions giving rise to Plaintiff's claims arose in the counties of counties of Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Napa, San Francisco, San Mateo or Sonoma.  Defendants conducts substantial business in these counties served by this Division. Defendants implemented their unfair business practices in this district, as well as nationwide and thereby affected Class Members who similarly reside or transact business in this district.

**PARTIES**

**Plaintiffs**

13.     Plaintiff Silvia Rogel ("Plaintiff Rogel") is and was at all relevant times hereto, a resident of Hayward, California.  Plaintiff Rogel began working as a" District Sales Manager" for Defendants in or about July 2000 and was terminated on June 30, 2017.  Plaintiff Rogel began working for Defendants.

14.     Plaintiff Coleen Gray-Hay ("Plaintiff Gray-Hay") is and was at all relevant times hereto, a resident of Gardwood, New Jersey, and a full-time employee of Defendants from in or about August 2013, until she was terminated on June 30, 2017.  Plaintiff Gray-Hay held the position of "District Sales Manager".

15.     At all times relevant to this action, Plaintiffs were employees of the Defendants within the meaning of 29 U.S.C. § 203(e)(1).

**Defendants**

16.     Defendants are major manufacturers and sellers of direct-sell beauty, household, and personal care products. Avon's product portfolio includes award-winning skincare, color cosmetics, fragrance and personal care products, featuring iconic brands such as Anew, Avon Color, mark., and Skin So Soft, as well as fashion and accessories. In 2016, the total revenue from reportable segments was $5.7 billion.

17.     Defendant Avon Products, Inc. ("Avon Products") was founded in 1886 and is the

-5-

leading social selling beauty company in North America and second largest direct sell enterprise in the world. Avon Products is headquartered in New York, New York.

18.    In March of 2016, Avon Products separated its North American business into a privately held company operating as Defendant New Avon LLC (" New Avon"). New Avon is a private company, majority owned by Cerberus Capital Management.    New Avon is headquartered in New York, New York.

19.    Defendant Cerberus Capital Management ("Cerberus") is an American private equity firm specializing in "distressed investing".    The firm is based in New York City, New York.

20.    Plaintiff is unaware of the true names and capacities, whether individual, corporate or otherwise, of Defendants sued herein as Does 1 through 10, inclusive, but is informed and believes, and thereon alleges, that they are in some manner, individually or collectively, responsible for the events, happenings and damages alleged herein, and accordingly sue said Defendants under fictitious names.  Plaintiff will seek leave to amend this Complaint when the true names and capacities have been ascertained.

21.    Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein each and every defendant, whether actually or fictitiously named herein, was the principal, agent, servant, employee, and/or representative of each other defendant, and in doing the acts alleged herein, was acting within the scope and course of their respective service, employment, agency, and/or representation and with the permission and consent of each other defendant. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants. Plaintiffs are informed and believe, and thereon allege that Defendants acted as a "single employer" at all relevant times alleged herein.

22.    At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting

within the course and scope of said agency and employment.

23.    Plaintiffs are informed and believe, and thereon allege that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other Co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity.  To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

24.    At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

25.    At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

26.    The members of the plaintiff class, including the representative Plaintiffs named herein, have been employed during the Class Period in California.  The practices and policies which are complained of by way of this Complaint are enforced throughout the State of California and the United States.

## **GENERAL FACTUAL ALLEGATIONS**

27.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

## **FACTUAL ALLEGATIONS REGARDING THE IMPROPER CLASSIFICATION OF DISTRICT SALES MANAGERS**

28.    The Defendants are subject to the FLSA.

29.    The position of District Sales Manager was represented by AVON to the Plaintiffs

and the other District Sales Managers as a salaried position exempt from overtime wages and other related benefits.

30.     The FLSA defines "employer" as any "person" acting directly or indirectly in the interest of an employer in relation to an employee. 29 USC Sec. 203(d). See also (the definition of "employer" under the Fair Labor Standards Act (FLSA) is not limited by the common law concept of "employer," but is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes). *Boucher v. Shaw*, 572 F.3d 1087, 1090 (9th Cir. Nev. 2009).

31.     Similarly, California *Labor Code* § 3353 defines an "independent contractor" as a "person who renders service for a specified recompense for a specified result, under the control of his principal as to the result of his work only and not as to the means by which such result is accomplished."

32.     The Defendants employed the Plaintiffs as an employee within the meaning of FLSA § 203 and the California *Labor Code*.

33.     Plaintiffs, and on information and belief allege that other District Sales Managers and similar job titles, relied on Defendants' statements and representations that they were independent contractors, and did so to their detriment and with justifiable reliance on Defendants' representations. Plaintiff and other District Sales Managers and similar job titles, on information and belief, have suffered the damages and injuries alleged and Defendants' misrepresentations arc/were the proximate and direct cause of these injuries and damages.

34.     The work schedule for the Plaintiffs and other members of the California, New Jersey and FLSA classes are set by AVON. The Plaintiffs and other members of the California, New Jersey and FLSA classes regularly work in excess of eight (8) hours in a workday and more than forty (40) hours in any given workweek.

35.     Plaintiffs worked under the title of "District Manager," however, nothing about their duties would lead one to believes that they were an exempt professional, executive or administrative employee under the FLSA.

36.     As part of their business, AVON employs a fleet of "District Sales Managers." The finite set of tasks required to be performed by the District Sales Managers are to spend the

vast majority of their time in the field training AVON's independent contractors and recruiting potential new hires to become independent contractors and sell AVON's beauty products, filling out pre-formatted forms and processing the new sales representatives, attending weekly webinars and teleconferences regarding AVON's sales goals, and reading material provided by AVON in order to learn about new beauty products all in accordance with AVON's established specific procedures and protocols which govern and control every aspect of the work performed by the PLAINTIFF and other District Sales Managers.

37.     Plaintiffs and the members of the California, New Jersey and FLSA Classes were required to spend the majority of her time engaging in the non-exempt promotional work of recruiting persons to become independent contractor sales representatives of Avon and then educating these independent contractors about Avon's product line. Although promotional work can constitute exempt sales work if the promotional activity is incidental to, or done in conjunction with, the employees' outside sales work, here the promotional work was done in advance of sales made by someone else other than the Plaintiffs and other District Sales Managers and as such their work should not be considered exempt outside sales work. If the sales representatives wanted to purchase a product from Avon, then the sales representatives would buy directly from Avon through the use of Avon's website or through the mail. The Plaintiffs and other District Sales Managers were not involved in the sales process between the sales representatives and Avon. As a result of the lack of managerial duties required of Plaintiff and the lack of true outside sales work, Plaintiff and other District Sales Managers should have been properly classified as non- exempt employees entitled to overtime wages and other related benefits.

38.     To perform their finite set of tasks, the District Sales Managers do not engage in a supervisory role given the constraints placed upon them by company policy. District Sales Managers do not determine what work is to be done by other employees or in what time frame.

39.     Furthermore, District Sales Managers also have no role in training other employees of Avon or determining what training they are to receive. The District Sales Managers do not have the authority to hire, fire, or promote other employees. District Sales Managers also

do not have the authority to determine other employees' pay rates or benefits, or give raises as they are unable to make employment-related, personnel decisions. Disciplinary decisions are made by the human resources department or dictated by company policies. As a result, the District Sales Managers are engaged in a type of work that requires no exercise of independent judgment or discretion as to any matter of significance. Therefore, the PLAINTIFF and all the other District Sales Managers are "managers" in name only because they do not have managerial duties or authority

40.     In California, there is a presumption, as set forth in California *Labor Code* § 3357, that workers are employees.

41.     Plaintiffs seek on behalf of themselves and other employees similarly situated, declaratory and injunctive relief, unpaid wages, unpaid overtime, statutory damages, interest, liquidated damages, reasonable attorneys' fees, and costs and all other appropriate legal and equitable relief.

42.     Plaintiffs allege that Defendants systemically and uniformly failed to pay Plaintiff and members of the putative class all wages owed, including overtime wages as a direct result of being misclassified as "exempt."

43.     Plaintiffs and members of the plaintiff class seek unpaid wages, penalties and other compensation from Defendants for the relevant time period because Defendants improperly:

    a.  Misclassified Plaintiffs and the other members of the plaintiff class as Independent Contractors instead of Employees making them exempt from California's wage and hour laws;

    b.  Misclassified Plaintiffs and the other members of the plaintiff class as Independent Contractors instead of Employees making them exempt from California's overtime wage laws;

    c.  Failed to pay Plaintiffs and the other members of the plaintiff class overtime pay for all hours worked;

    d.  Failed to pay Plaintiffs and the other members of the plaintiff class overtime pay

for all overtime hours worked;

e.  Deprived Plaintiffs and the other members of the plaintiff class of statutorily required meal periods;

f.  Failed to authorize and permit Plaintiffs and the other members of the plaintiff class to take the requisite rest periods;

g.  Failed to provide Plaintiffs and the other members of the plaintiff class all wages owed at termination; and,

h.  Failed to maintain accurate records for Plaintiffs and the other members of the plaintiff class pursuant to California *Labor Code* § 226(a).

44.    Defendants exercise sufficient control over their District Sales Managers and other similar job titles such that District Sales Managers and other similar job titles are not persons who render services for a specified recompense for a specified result, solely under the control of their principal as to the result of his work only, and solely as to the means by which such result is accomplished.

45.    Plaintiffs and other District Sales Managers and similar job titles, at all relevant times worked under and subject to the control of Defendants as set forth in Defendants' numerous policies, practices and procedures.

46.    Plaintiffs believe and thereon allege that District Sales Managers and other similar job titles were directed to adhere to Defendants' policies and protocols.

47.    Plaintiffs and other District Sales Managers and similar job titles are non-exempt employees as no exemption applies, under the combination of the duties and salary tests, including but not limited to the outside sales, inside sales, administrative, executive and professional exemptions.

48.    Plaintiffs allege that neither he nor the other members of the plaintiff class were able to take timely meal and rest breaks and were not encouraged or told to take them.

49.    Defendants do not maintain the required employment records of its Independent Contractors due to the fact that Defendants misclassifies them.

50.    Plaintiffs are informed and, on that basis, believes that all other similarly situated

Independent Contractors were under the same circumstances and conditions of employment as him. Specifically, all other similarly situated employees were not provided with accurate itemized wage statements. Nor were the similarly situated aggrieved employees paid any overtime when working more than eight (8) hours in a day nor provided with the requisite meal and rest breaks.

51. Plaintiffs are informed and, on that basis, believe that all other similarly situated employees of Defendants were under the same circumstances and conditions as them. Specifically, all other similarly situated employees were misclassified as Independent Contractors instead of hourly employees with applicable hourly rates and did not receive any overtime pay for overtime hours worked nor were they provided with uninterrupted rest periods and meal breaks.

***Defendants' Failure to Provide Meal Breaks***

52. Plaintiffs are further informed and believes, and based thereon alleges, that as a matter of policy and/or practice, Defendants routinely failed to provide Plaintiffs and the members of the plaintiff class, with meal periods during which they were relieved of all duties by requiring them to remain on duty.

53. Throughout the Class Period, Defendants regularly:

    a. Failed to provide Plaintiffs and the members of the plaintiff class with a first meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than five (5) hours;

    b. Failed to provide Plaintiffs and the members of the plaintiff class with a second meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than ten (10) hours per day;

    c. Failed to pay Plaintiffs and the members of the plaintiff class one hour of pay at their regular rate of compensation for each workday that a meal period was not provided; and

    d. Failed to accurately record all meal periods.

///

*Defendants' Failure to Provide Rest Breaks*

54.    At all times, relevant hereto, California *Labor Code* § 226.7 required employers to authorize, permit, and provide a ten (10) minute paid rest for each four (4) hours of work, during which employees are relieved of all duty.

55.    At all times, relevant hereto, California *Labor Code* § 226.7(b) required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period is not provided.

56.    Plaintiffs are informed and believe, and thereon allege, that Defendants failed to effectively communicate California rest period requirements to Plaintiff and the members of the plaintiff class. Plaintiffs are further informed and believes and based thereon alleges that throughout the Relevant Time Period Defendants failed to provide rest periods.

57.    Throughout the Class Period, Plaintiffs and the members of the plaintiff class were routinely denied the rest breaks they were entitled to under California law.

58.    Specifically, throughout the Class Period, Defendants regularly:

    a.    Failed to provide paid rest periods of ten (10) minutes during which Plaintiffs and the members of the plaintiff class were relieved of all duty for each four (4) hours of work and able to take rest periods within the middle of the shift; and

    b.    Failed to pay Plaintiffs and the members of the plaintiff class one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

*Defendants' Failure to Pay Overtime Compensation*

59.    Plaintiffs allege that he and the members of the plaintiff class were not paid for overtime on a routine basis.

60.    California *Labor Code* § 1194 provides that an employee receiving less than the legal overtime compensation is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

CLASS AND COLLECTIVE ACTION COMPLAINT

61.     California *Labor Code* § 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."  California *Labor Code* § 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee."  California *Labor Code* § 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

62.     Throughout the Class Period, Wage Order No. 4-2001, Section (4) provided for payment of overtime wages equal to one and one-half (1 1/2) times an employee's regular rate of pay for all hours worked over eight (8) hours per day and/or forty (40) hours in a workweek, and/or for payment of overtime wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday and/or for all hours worked in excess of eight (8) hours on the seventh (7th) day of work in any one workweek.

63.     Defendants misclassified Plaintiffs and plaintiff class members as independent contractors and therefore they did not receive overtime compensation for all hours worked in excess of the hours and time specified in the Wage Order, statutes and regulations identified herein.

64.     As a matter of policy and/or practice, Defendants routinely suffered or permitted Plaintiff and plaintiff class members to work portions of the day during which they were subject to Defendants' control, and failed to compensate them.   Accordingly, Defendants failed to properly record the actual hours worked by Plaintiffs and members of the plaintiff class, and thus failed to pay overtime wages for the actual amount of overtime hours worked.

***Defendants' Failure to Pay All Wages Due at Termination of Employment***

65.     At all times, relevant hereto, California *Labor Code* § 201 required an employer that discharges an employee to pay compensation due and owing to said employee immediately upon discharge. California *Labor Code* § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an

employee's resignation. California *Labor Code* § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under Sections 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

66.    Defendants willfully and knowingly failed to pay Plaintiffs and the members of the plaintiff class, upon termination of employment, all accrued compensation.

***Defendants' Failure to Provide Accurate Wage Statements***

67.    As a result of being misclassified as Independent Contractors, Plaintiffs, members of the Plaintiff Class were, and are, routinely provided wage statements which do not truly and accurately reflect the number of hours worked by them, or the wages due to them.

***Facts Regarding Willfulness***

68.    Plaintiffs are informed and believes and based thereon alleges that Defendants are and were advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California wage and hour laws.

69.    Plaintiffs are informed and believes and based thereon alleges that at all relevant times, Defendants had a consistent policy or practice of failing to compensate the plaintiff class members, including Plaintiff, for all hours worked, including overtime.

70.    Plaintiffs are informed and believes and based thereon alleges that at all relevant times, Defendants knew or should have known, that the plaintiff class members, including Plaintiff, were entitled to receive duty-free meal periods within the first five (5) hours of any shift of six (6) or more hours worked, and that any failure to do so requires Defendants to pay Plaintiffs and the members of the plaintiff class one (1) hour of wages per day for untimely, missed, or on-duty meal periods.

71.    Plaintiffs are informed and believes and based thereon alleges that at all relevant times, Defendants knew or should have known, that the plaintiff class members, including Plaintiffs, were and are entitled to one (1) ten (10) minute rest break for each shift of four (4) hours or more, and that any failure to allow said breaks requires Defendants to pay the plaintiff class members, including Plaintiffs, one (1) hour of wages per day for missed or on-duty rest

1    breaks.

2    **FACTUAL ALLEGATIONS RE VIOLATION OF**

3    **29 U.S.C. § 2101 *et seq.* (the "WARN Act")**

4    72.    This action also seeks to recover back pay and benefits under 29 U.S.C. § 2101 *et*

5    *seq.* to redress the conduct by Defendants that terminated more than nine hundred fifty (950)

6    employees without proper legal notice as part of a mass layoffs between January 21, 2017 and

7    June 30, 2017 in Orlando, Florida and Defendants' other sites. Defendants' mass layoff deprived

8    hundreds of fired "workers and their families with some transition time to adjust to the

9    prospective loss of employment, to seek and obtain alternative jobs and, if necessary, to enter

10   skill training or retraining that will allow these workers to successfully compete in the job

11   market." (20 C.F.R. § 639.1(a).)

12   73.    Defendants failed to provide these terminated employees with the sixty (60) days

13   advance written notice that is required by the Worker Adjustment and Retraining Notification

14   Act, 29 U.S.C. § 2101 *et seq.* ("WARN Act").

15   74.    At all times relevant and material hereto, all Plaintiffs and class members were

16   either full time employees of Defendants, or they were temporary employees, other than part-

17   time employees, and are to be counted in determining that the threshold requirements of the

18   WARN Act are met.

19   75.    In the time prescribed by the Act, Defendants permanently terminated the affected

20   employees.

21   76.    Specifically, on January 21, 2017, Defendants terminated approximately 140

22   employees. Thereafter, on February 24, 2017, Defendants terminated additional employees,

23   including Plaintiff. Finally, on June 30, 2017, Defendants terminated hundreds of additional

24   employees. Such mass terminations resulted employment loss at the facility for at least 33

25   percent of the employees (excluding part-time employees).

26   77.    Plaintiffs and the members of the WARN plaintiff class were not provided with

27   notice of such terminations sixty (60) days in advance thereof.

28   78.    Further, more than 50 employment losses occurred during a single 30-day period.

79.     The statutory period under the WARN Act began on November 21, 2016 which is sixty (60) calendar days before the first employment losses began on January 21, 2017.

80.     Upon information and belief, Defendants knew that the terminations were anticipated, but failed to provide employees, State and Local authority with advance notice as required under the WARN Act.

81.     By failing to disclose their true intentions to make mass layoffs in advance, Defendants deceived their employees from looking for other work and/or making contingent plans while Defendants continued to operate unabated.

82.     As a result of Defendants' discontinuance of service of employees without notice, hundreds of jobs have been lost.

## CLASS ACTION ALLEGATIONS

83.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

84.     Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action, pursuant to California *Code of Civil Procedure* § 382. The classes which Plaintiffs seeks to represent are composed of, and defined as follows:

**California Plaintiff Class:**

All persons who are or previously were employed by Defendants between April 12, 2015 and the date of judgment in this action (hereafter the "California Class Period"), in the state of California as "District Sales Managers" or similarly positions although otherwise titled and were classified by Defendants as exempt from overtime wages.

**Terminated Sub Class:**

All members of the California Class whose employment ended during the California Class Period.

**New Jersey Plaintiff Class:**

All persons who are or previously were employed by Defendants between April 12, 2013 and the date of judgment in this action, in the state of New Jersey as "District Sales Managers" or similarly positions although

otherwise titled and were classified by Defendants as exempt from overtime wages.

**WARN Class:**

All employees of Defendants who were subject to a mass layoff ordered by Defendants in 2017. Excluded from the Class are any part time employees.

**California WARN Class**

All employees of Defendants working in the State of California who were subject to a mass layoff ordered by Defendants in 2017. Excluded from the Class are any part time employees.

**New Jersey WARN Class**

All employees of Defendants working in the State of New Jersey who were subject to a mass layoff ordered by Defendants in 2017. Excluded from the Class are any part time employees.

(collectively, "Plaintiff Class" or "Class Members")

85.    The class is so numerous that the individual joinder of all members is impracticable. While the exact number and identification of class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery directed to Defendants, Plaintiff is informed and believes that the class includes potentially hundreds of members.

86.    Common questions of law and fact exist as to all members of the class, which predominate over any questions affecting only individual members of the class. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

   a. Whether the members of the Classes should have been classified as employees instead of independent contractors;

   b. Whether Defendants failed to pay overtime compensation to the members of the

Classes by virtue of Defendants' misclassification in violation of the *Labor Code* and the IWC Wage Orders;

c.  Whether Defendants failed and continue to fail to provide meal periods to the members of the Classes in violation of the California *Labor Code* and IWC Wage Orders;

d.  Whether Defendants failed and continue to fail to authorize and permit members of the Classes to take rest periods in violation of the <u>*Labor Code*</u> and IWC Wage Orders;

e.  Whether the members of the Classes are entitled to seek recovery of penalties pursuant to California *Labor Code* § 558 and, if so, for what time period(s);

f.  Whether Defendants failed to keep adequate records for the members of the Classes pursuant to California *Labor Code* § 226(a) (and the consequence for such statutory violations if Defendants did not);

g.  Whether the members of the Classes that are no longer employed by the Defendants are entitled to penalties pursuant to California *Labor Code* § 203;

h.  Whether Defendants unlawfully and/or willfully failed to promptly pay compensation owing to Plaintiff and members of the Terminated Sub Class upon termination of their employment, in violation of California *Labor Code* §§ 201-203;

i.  Whether Defendants unlawfully and/or willfully failed to provide Plaintiff and members of the Plaintiff Class with true and proper wage statements upon payment of wages, in violation of California *Labor Code* § 226;

j.  Whether Plaintiff and members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; and

k.  Whether Defendants' conduct as alleged herein violates the Unfair Business Practices Act of California, *Bus. & Prof. Code* § 17200, *et seq.*

87. The claims of the named Plaintiffs are typical of the claims of the members of the

Plaintiff Class. Plaintiffs and other class members sustained losses, injuries and damages arising from Defendants' common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as Plaintiffs. Plaintiffs seek recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

88.    Plaintiffs are adequate representative of the proposed classes because he is a member of the class, and his interests do not conflict with the interests of the members he seeks to represent. Plaintiffs have retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiffs and their counsel intends to prosecute this action vigorously for the benefit of the classes. The interests of the Class Members will fairly and adequately be protected by Plaintiffs and their attorneys.

89.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable. It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individuals, repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims. By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

90.    The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the *Federal Rules of Civil Procedure* 23 because:

a.    The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendants, and

b.    The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who

1
2
3
are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

4
### COLLECTIVE ACTION ALLEGATIONS

5
6
91.    Plaintiffs hereby incorporates each and every allegation contained above and realleges said allegations as if fully set forth herein.

7
8
9
92.    Plaintiffs worked under the title of "District Manager," however, nothing about their duties would lead one to believes that she was an exempt professional, executive or administrative employee under the FLSA.

10
11
93.    The Plaintiffs were forced to work overtime hours, every week and was not paid overtime for hours worked in excess of 40 in any given work week.

12
13
94.    The Plaintiffs worked between 50 to 70 hours a week while employed by Defendants.

14
15
16
17
18
19
95.    FLSA provides that, with certain exceptions, employers must pay employees overtime of at least one and one-half times their regular rate of pay for any hours over forty worked in a week. 29 U.S.C. S 207(a)(1). The Act exempts certain employees from the overtime requirements. However, an "employer who claims an exemption from the FLSA has the burden of showing that the exemption applies" see *Donovan v. Nekton, Inc.*, 703 F.2d 1148, 1151 (9th Cir. 1983).

20
21
22
23
24
25
26
27
28
96.    Pursuant to the FLSA, the test for the executive exemption (which is nearly identical to the administrative exemption) requires that an employee's main, principal and "primary duty" consists of the "management of the enterprise" in which he or she is employed. In addition, the executive employee's work must include "the customary and regular direction" of work of two or more employees, including the hiring and firing processes and "customarily and regularly exercises discretionary powers." The regulations define an exempt administrative employee as one whose "primary duty" consists of "office or non-manual work." A high degree of discretion and independence is also required by the employee for a successful classification under the executive and administrative exemptions.

97.    Pursuant to the FLSA, an exempt professional employee is one whose work requires "theoretical and practical application of highly specialized knowledge in computer systems analysis, programming, or software engineering." The professional employee's work requires consistent exercise of discretion and judgment. The work must be "predominantly intellectual", as opposed to "routine mental, manual, mechanical, or physical work." At least 80% of the professional employee's time must be devoted to these tasks.

98.    Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter.

99.    Plaintiff's job duties as a District Manager for Defendants included, but were not limited to the following:

- Trained and coached Representative teams as well as Managers and Peers on effective use of Social Media for Business Development
- Drove a strong Field Events Strategy with high energy towards Prospects, Representatives & Sales Leaders by leveraging use of alliances, experts, partnerships and social media.
- Created an engaged community of social networks globally, crossing territory boundaries
- Effectively increased the number of new Independent Sales Representatives
- Recruitment of Sales Representatives through effectively identifying people with aspirations, abilities and qualities to build a successful business or lead a team.
- Consistently delivered sustainable sales results.
- Implemented strategies and relentlessly targeting goal achievement.
- Training and developing Sales Leaders and Top Selling Representatives through coaching and mentoring.
- Conducted meetings and generated interest by influencing, motivating, encouraging and recognizing potential Leaders and Top Sellers.
- Consistent and constructive interaction with Sales Leaders
- Planning and analyzing results (daily/ quarterly/ annually/ campaign) in order to

identify and address performance gaps.

100.    As such, the Plaintiffs are not exempt from the requirements of overtime, minimum wage, or FLSA.

101.    Unless proven to be exempt from the protection of overtime laws, all employees are entitled to premium overtime pay for work in excess of forty (40) hours per week.

102.    The Plaintiffs were improperly classified by the Defendants as exempt; however, their work duties dictate she should have been classified and compensated as a non-exempt employee.

103.    All employers subject to the FLSA must maintain and preserve certain records describing the wages, hours and working conditions of their employees.

104.    Failure to comply with the recordkeeping requirements is a violation of the FLSA for which criminal or civil sanctions may be imposed, whether or not other statutory violations exist. See 29 U.S.C. § 215(a)(5).  See *Dunlop v. Gray-Goto, Inc.*, 528 F.2d 792 (10th Cir. 1976).

105.    Accurate records are not only required for regulatory purposes, they are critical to an employer's defense of claims that it violated the Act. An employer that fails to maintain the required records cannot avoid liability in a wage-hour case through argument that there is insufficient evidence of the claimed hours worked.  See *Wirtz v. First State Abstract Ins. Co.*, 362 F.2d 83 (8th Cir. 1966); *Boekemeier v. Fourth Universalist Soc'y*, 86 F. Supp. 2d 280 (S.D.N.Y. 2000). An employer's failure to maintain records may create a presumption in the aggrieved employee's favor. See *Myers v. The Copper Cellar Corp.*, 192 F.3d 546, 551

106.    Evidence reflecting the precise number of overtime hours worked by Plaintiff, as well as the applicable compensation rates, is in the possession of Defendants. If these records are unavailable, Plaintiff may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. See *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

107.    The Plaintiffs allege that Defendants' failure to pay overtime was knowing and willful. Accordingly, Plaintiffs are entitled to recover all overtime pay due from overtime hours worked for which compensation was not paid, liquidated damages and attorneys' fees under the

1    FLSA's three-year statute of limitations.

2        108.    Defendants have not made a good faith effort to comply with the FLSA with

3    respect to its compensation of Plaintiffs.

4        109.    As explained herein, under applicable wage and hour laws, an employee is

5    classified as exempt versus non-exempt according to their job duties, not their job title.  Non-

6    Exempt employees are entitled to overtime compensation regardless of whether they have an

7    exempt title, if their duties do not reflect "exempt job duties" under the FLSA.

8        110.    The Defendants misclassified Plaintiffs as exempt employees in an attempt to

9    circumvent paying overtime; however, their job duties dictate that they should have been

10   classified, and compensated as a non-exempt employee.

11       111.    Plaintiffs bring this action on behalf of themselves and all others similarly

12   situated, against Defendants Avon Products, Inc.; New Avon LLC; Cerberus Capital

13   Management, L.P. ("Defendants," or the "Avon"), to remedy violations of the *Fair Labor

14   Standards Act*, as amended, 29 U.S.C. § 201 et seq.  Plaintiff seeks, for herself and similarly

15   situated employees, declaratory and injunctive relief, unpaid wages, unpaid overtime, liquidated

16   damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief,

17   pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

18       112.    Plaintiff brings Cause of Action 6, the FLSA claim, as a nationwide "opt-in"

19   collective action pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of the

20   following Class of persons (hereinafter the "FLSA Class" or "FLSA Collective Plaintiffs"):

21       **FLSA Class**

22       **All current and former that were classified as "Independent**

23       **Contractors" by Defendants working in the United States within three**

24       **(3) years of the filing of this class action and the entry of judgment in**

25       **this case.**

26       113.    The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29

27   U.S.C. § 216(b).

28       114.    All claims involving the FLSA Collective Class have been brought and may

properly be maintained as a collective action under 29 U.S.C. § 216, because there is a well-defined community of interest in the litigation, and the proposed FLSA Collective Class is easily ascertainable by examination of the employment records that Defendants are required to maintain by law, including but not limited to employee time clock reports and payroll records.

115.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, and job duties, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine, and rules to willfully fail and refuse to pay them the legally required overtime wages.  The claims of Plaintiff herein are essentially the same as those of the other FLSA Collective Plaintiffs. Plaintiffs allege that during the FLSA Class Period, they are and were:

(A.) individuals who resided in the United States of America;

(B.) were employed as "non-exempt" employees for Defendants in the United States within the three years preceding the filing of the complaint herein;

(C.) worked more than 40 hours in any given week;

(D.) did not receive all overtime compensation for all hours worked over 40 hours in any given week;

(E.) were not properly paid overtime compensation because Defendants failed to include non-discretionary bonus payments into their rate of pay.

(F.) worked regular hours for which they received no pay whatsoever;

(G.) are members of the FLSA Collective Class as defined in the preceding paragraph in this Complaint; and,

(H.) have signed a consent to sue that shall have been filed in this court.

116.     Other non-exempt current or former employee of Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other non-exempt employees notice of the action and allow them to opt in to such an action if they so choose.

117.     This Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily

ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

**VIOLATION OF WARN ACT CLASS ACTION ALLEGATIONS**

118.    Plaintiffs bring this action as a class action under Federal Rule of Civil Procedure 23(a), (b)(1), and (3) and the WARN Act (29 U.S.C. §2104(a)(5)).

119.    Plaintiffs bring this action for themselves and on behalf of a class of all similarly situated employees.  The "Class" or "Class Members" Plaintiffs seek to certify are defined as:

> **All employees of Defendants who were subject to a mass layoff ordered by Defendants in 2017.  Excluded from the Class are any part time employees.**
>
> **(the "WARN Class")**

120.    Excluded from the Class are Defendants and the legal representatives, heirs, successors and assigns of any excluded person and members of the federal judiciary.

121.    Upon information and belief, Plaintiffs estimates that the class comprises at least nine hundred fifty (950) Class Members and the Class is so numerous that joinder of all Class Members is impracticable.  The members of the class can be identified and located using information contained in the Defendants' human resources records.

122.    There are common questions of law and/or fact common to the class that predominate over any questions affecting only individual Class Members.  The questions of law and fact common to the class arising from Defendants' actions include, but are not limited to the following:

a.    Whether the provisions of the WARN Act apply;

b.    Whether Plaintiffs and Class Members are "affected employees" as used in the Act;

c.    Whether Defendants' employee terminations on January 21, 2017, February 24, 2017, and June 30, 2017 constitute a "termination" and/or "mass layoff" under the WARN Act;

d.    Whether Defendants failed to provide the notices required by the WARN Act (29

U.S.C. §2102(b));

e.  Whether Defendants can avail themselves of any of the provisions of the WARN Act which permit lesser periods of notice;

f.  The appropriate formulae to measure damages under the WARN Act (29 U.S.C. §2104(a)(2)); and

g.  The appropriate definitions and formulae to measure payments to potentially offset damages under the WARN Act (29 U.S.C. §2104(a)(2)).

123.    Plaintiffs' claims are typical of those of the Class Members.  Plaintiffs and Class Members were subjected to the same kind of unlawful conduct and the claims of Plaintiff and the Class Members are based on the same legal theories and questions of law and fact pursuant to the WARN Act.

124.    Plaintiffs will fairly and adequately protect the interests of the class Plaintiff represents. Plaintiff's interests do not conflict with the interests of the class, and the Plaintiff intends on prosecuting this action vigorously.

125.    Plaintiffs have retained experienced counsel qualified in class litigation and counsel are competent to assert the interests of the class.

126.    The unlawful acts of Defendants, as alleged herein, constitute a course of conduct common to Plaintiffs and each Class Member.  Prosecution of separate actions by individual Class Members would create a risk of inconsistent of varying adjudications which would establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of the individual Class Members to protect their interests.

127.    Upon information and belief, Defendants, and each of them, have acted or refused to act on grounds generally applicable to the Class.

128.    Questions of law and/or common to the Class Members, including the issues identified above, predominate over questions affecting only individual Class Members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.  Class action treatment will allow a large number of similarly situated individuals to simultaneously pursue their common claims in a single forum in an efficient manner, without

unnecessary duplication of effort and expense that would be required if numerous individual actions were pursued. However, the affected employees must opt-in to this litigation so that his or her right to damages can be determined and quantum of damages can be calculated by the court.

**FIRST CAUSE OF ACTION**

**CALIFORNIA MEAL AND REST BREAK VIOLATIONS**

**(California *Labor Code* §§ 200, 226.7, 512, and 12 CCR § 11040)**

**(By Plaintiffs and Members of the California Plaintiff Class Against All Defendants)**

129.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

130.    California *Labor Code* § 226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

131.    California *Labor Code* § 512 provides that "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

132.    California *Labor Code* § 512 further provides that "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

133.    Section 9(A) of the applicable wage order provides that "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

134.    Section 9(B) of the applicable wage order provides that "An employer may not

-28-

employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived"

135.    Section 9(C) of the applicable wage order provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

136.    California *Labor Code* § 226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

137.    At all times, relevant hereto, California *Labor Code* § 226.7(b) required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period is not provided.

138.    Throughout the Class Period, Plaintiffs and members of the Plaintiff Class consistently worked over five (5) hours per work period, and therefore, were entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

139.    Throughout the Class Period, Plaintiffs and members of the Plaintiff Class sometimes worked over ten (10) hours per work period, and therefore, were entitled to a second meal period of not less than thirty (30) minutes.

140.    Throughout the Class Period, Plaintiffs and members of the Plaintiff Class did not waive their meal periods, by mutual consent with Defendants or otherwise.

141.    Defendants failed to comply with the required meal periods established by California *Labor Code* § 226.7, California *Labor Code* § 512, and the applicable Wage Order.

142.    Defendants failed to compensate Plaintiffs and members of the Plaintiff Class with premium wages when meal periods were missed.

143.    Pursuant to Section 9 and the applicable wage order, and California *Labor Code* § 226.7(b) (which requires, in the event that "an employer fails to provide an employee a meal or rest

period in accordance with an applicable order of the industrial Welfare Commission, the employer shall the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided"), the members of the Class are entitled to damages in an amount equal to one (1) hour of wages per missed meal period, in a sum to be proven at trial.

144.    At all times relevant to this Complaint, each Defendants failed, and has continued to fail, to timely provide Plaintiff and members of the Plaintiff Class with meal periods.

145.    Thus, throughout the Class Period, Defendants regularly:

      (a)    Failed to provide paid rest periods of ten (10) minutes during which Plaintiff and the members of the Plaintiff Class were relieved of all duty for each four (4) hours of work; and

      (b)    Failed to pay Plaintiffs and members of the Plaintiff Class one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

146.    As a direct and proximate result of the acts and/or omissions of each Defendants, Plaintiff and Class Members have been deprived of meal and rest period wages due in amounts to be determined at trial.

147.    Pursuant to California *Labor Code* §§ 226.7, 512, and Wage Order 4, as a result of Defendants' failure to pay Plaintiffs and members of the Plaintiff Class for all meal periods and rest periods, Plaintiffs and members of the Plaintiff Class are entitled to recover the unpaid meal and rest period wages, plus interest, fees and costs thereon.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES (CALIFORNIA)

### (By Plaintiff Rogel and Members of the California Plaintiff Class Against All Defendants)

148.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

149.    California *Labor Code* § 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked

on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."  California *Labor Code* § 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee."  California *Labor Code* § 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

150.    Defendants have failed and refused to pay to Plaintiffs and members of the Plaintiff Class all overtime wages due to them in compliance with California *Labor Code* including, but not limited to, failing to pay all overtime accrued.  Based upon information and belief, Plaintiffs and members of the Plaintiff Class were not routinely paid overtime when they worked in excess of eight (8) hours in a given day.

151.    As a direct and proximate result of the acts and/or omissions of each Defendants, Plaintiffs and members of the Plaintiff Class has been deprived of overtime wages due in amounts to be determined at trial.

152.    The applicable overtime requirements fixed by the commission for Plaintiff and the Plaintiff Class, are found in Wage Order 4-2001.

153.    Pursuant to California *Labor Code* §§ 1194 and 1194.2 as a result of Defendants' failure to pay Plaintiffs and members of the Plaintiff Class all overtime wages due, Plaintiffs and members of the Plaintiff Class are entitled to each recover the unpaid overtime wages in an amount equal to the overtime wages unlawfully unpaid, plus interest, fees and costs thereon.

## THIRD CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES (NEW JERSEY)

### (By Plaintiff Gray-Hay and Members of the New Jersey Plaintiff Class Against All Defendants)

154.    Plaintiffs re-allege and incorporates all preceding paragraphs as though fully set forth herein.

155.    The overtime wage provisions of the New Jersey Wage and Hour Law ("NJWHL") and its supporting regulations, N.J.S.A. §§ 34:11-56a et seq. and N.J.A.C. §§12:56-

15 et seq., apply to Defendants and protect Plaintiffs and the members of the New Jersey Class.

156.     Defendants have failed to pay Plaintiffs and members of the New Jersey Class overtime wages to which they are entitled under the NJWHL and the supporting New Jersey State Department of Labor Regulations.

157.     By Defendants' knowing and/or intentional failure to pay Plaintiff Gray-Hay and the members of the New Jersey Class overtime wages for hours worked in excess of forty hours per week, they have willfully violated N.J.S.A. §§ 34:11-56a et seq. and N.J.A.C. §§12:56-15 et seq.

158.     Due to Defendants' violations of the NJWHL, Plaintiffs and the members of the New Jersey Class are entitled to recover from Defendant their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

159.     Plaintiff also seeks liquidated damages under the NJWHL on behalf of herself and the members of the New Jersey Class.

## FOURTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### (Violation of California Labor Code 226(a))

### (By Plaintiff Rogel and Members of the California Plaintiff Class Against All Defendants)

160.     Plaintiffs incorporate all preceding paragraphs as though fully set for herein.

161.     California Labor Code §226(a) sets forth reporting requirements for employers when they pay wages, as follows:

> "Every employer shall . . . at the time of each payment of wages, furnish his or her employees . . . an itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee . . ."

Section (e) provides:

> "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation

-32-

CLASS AND COLLECTIVE ACTION COMPLAINT

in a subsequent pay period,  not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorneys' fees."

162.    Plaintiff Rogel and members of the California Plaintiff Class were damaged by this failure to provide accurate wage statements because, among other things, Plaintiff Rogel and members of the California Plaintiff Class were unable to determine the proper amount of wages owed to them, and whether they had received full compensation therefore.

163.    Plaintiff Rogel and members of the California Plaintiff Class request recovery of California *Labor Code* §226(e) penalties according to proof, as well as interest, attorneys' fees and costs pursuant to California *Labor Code* §226(e), and all other damages, attorneys' fees, costs, expenses and interest permitted by statute.

## FIFTH CAUSE OF ACTION

## FAILURE TO PAY WAGES AT TIME OF

## TERMINATION (California *Labor Code* §§ 201-203)

### (By Plaintiff Rogel and Members of the California Terminated Plaintiff Sub-Class

### Against All Defendants)

164.    Plaintiffs re-allege and incorporates all preceding paragraphs as though fully set forth herein.

165.    At all times, relevant herein, Defendants were required to pay its employees all wages owed in a timely fashion during and at the end of their employment, pursuant to California *Labor Code* §§ 201-203.

166.    As a pattern and practice, Defendants regularly failed to pay Plaintiff Rogel and members of the Terminated Sub Class their final wages pursuant to California *Labor Code* §§ 201-203, and accordingly owe waiting time penalties pursuant to California *Labor Code* § 203.

167.    The conduct of Defendants and its agents and managerial employees as described herein was willful, and in violation of the rights of Plaintiff Rogel and the individual members of the Terminated Sub Class.

168.    Plaintiff Rogel is informed and believes, and based thereon alleges, that

Defendants' willful failure to pay wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff Rogel and members of the California Terminated Sub Class who have separated from employment are entitled to compensation pursuant to California *Labor Code* § 203.

**SIXTH CAUSE OF ACTION**

**UNFAIR COMPETITION: CALIFORNIA BUSINESS AND**

**PROFESSIONS CODE § 17200, etc.**

**(By Plaintiff Rogel, Members of the California Plaintiff Class, and the General Public,**

**Against All Defendants)**

169.    Plaintiffs re-allege and incorporates all preceding paragraphs as though fully set forth herein.

170.    Section 17200 of the California *Business and Professions Code* prohibits any unlawful, unfair or fraudulent business act or practice.

171.    Plaintiff Rogel brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described herein.  Plaintiff Rogel and members of the California Plaintiff Class have suffered, and continue to suffer, injury in fact and monetary damages because of Defendants' actions.

172.    The actions by Defendants as herein alleged amount to conduct which is unlawful and a violation of law.  As such, said conduct amounts to unfair business practices in violation of California *Business and Professions* Code § 17200, *et seq.*

173.    Defendants' conduct as herein alleged has damaged Plaintiff Rogel and the members of the California Plaintiff Class by denying them wages due and payable, by failing to provide proper meal and rest breaks, and by failing to pay all wages due in a timely manner at the time of termination (for the California Terminated Sub Class). Defendants' actions are thus substantially injurious to Plaintiff Rogel and the members of the California Plaintiff Class, causing them injury in fact and loss of money.

174.    Additionally, by unfairly failing to give adequate and timely notice of impending

layoffs and then paying terminated employees at a reduced rate during the last 60 days of their employment, and preventing employees from engaging in their usual and customary occupational duties, Defendants' acts constitute unfair and unlawful business practices under *Bus. & Prof. Code* §§ 17200, *et seq*.

175.    Because of such conduct, Defendants have unlawfully and unfairly obtained monies due to the Plaintiff Rogel and members of the California Plaintiff Class.

176.    All members of the California Plaintiff Class can be identified by reference to payroll and related records in the possession of the Defendants. The amount of wages due Plaintiff Rogel and members of the California Plaintiff Class can be readily determined from Defendants' records.  The Class Members are entitled to restitution of monies due and obtained by Defendants during the Class Period as a result of Defendants' unlawful and unfair conduct.

177.    During the Class Period, Defendants committed, and continues to commit, acts of unfair competition as defined by § 17200, *et seq*., of the *Business and Professions Code*, by and among other things, engaging in the acts and practices described above.

178.    Defendants' course of conduct, acts, and practices in violation of the California law as mentioned in each paragraph above constitutes a separate and independent violation of § 17200, etc., of the *Business and Professions Code*.

179.    The harm to Plaintiff Rogel and members of the California Plaintiff Class of being wrongfully denied lawfully earned and unpaid wages outweighs the utility, if any, of Defendants' policies and practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of *Business and Professions Code* § 17200.

180.    Defendants' conduct described herein threatens an incipient violation of California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly threatens or harms competition.

181.    Defendants' course of conduct described herein further violates California Business and Professions Code § 17200 in that it is fraudulent, improper, and unfair.

182.    The unlawful, unfair, and fraudulent business practices and acts of Defendants as described herein-above have injured Plaintiff Rogel and members of the California Plaintiff Class

-35-

in that they were wrongfully denied the timely and full payment of wages due to them.

### SEVENTH CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES AND OVERTIME COMPENSATION IN

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

**(Against Defendants on behalf of Plaintiffs**

**and Proposed Members of the FLSA Class)**

183.    Plaintiffs, on behalf of herself and the FLSA Collective Plaintiff, realleges and incorporate by reference all previous paragraphs as if they were set forth again herein.

184.    Plaintiffs bring this lawsuit as a collective action under the Fair Standards Labor Act, 29 U.S.C. §201, et. seq. (the "FLSA"), on behalf of all persons who were, are, or will be employed by Defendants and misclassified as exempt, salaried employees during the period commencing three years prior to the filing of this Complaint to and through a date of judgment, who performed work in excess of forty (40) hours in one week and did not receive all compensation as required by the FLSA for the hours worked.  To the extent equitable, tolling operates to toll claims by the collective employees against the Defendants, the collective statute of limitations should be adjusted accordingly.

185.    The FLSA Collective Plaintiffs have been, and is, entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 et seq.  Defendants are subject to the requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.  (Id.)

186.    All claims involving the FLSA Collective Class have been brought and may properly be maintained as a collective action because there is a well-defined community of interest in the litigation, and the proposed FLSA Collective Class is easily ascertainable by examination of the employment records that Defendants are required to maintain by law, including but not limited to employee time clock reports and payroll records.

187.    The Fair Labor Standards Act, 29 U.S.C. §201, et. seq., states that an employee must be compensated for all hours worked, including straight time compensation and overtime compensation.  (29 C.F.R. §778.223 and 29 C.F.R. §778.315.)  This Court has concurrent

jurisdiction over claims involving the Fair Labor Standards Act.

188.   The FLSA exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to FLSA Class members. 29 U.S.C. § 213.

189.   The FLSA defines "employee" as "any individual employed by an employer."  29 U.S.C. § 203(e).

190.    The FLSA defines "employ" to include to suffer or permit to work. 29 U.S.C. § 203(g).

191.    The FLSA Collective Plaintiffs are, or were, employed by Defendants and, as such, are or were employees of Defendants. 29 U.S.C. § 203.

192.   As a pattern and practice, Plaintiffs and collective employees regularly worked in excess of forty (40) hours in a workweek.  Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et. seq., Plaintiff and the collective employees are entitled to compensation for all hours actually worked, and are also entitled to wages at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek.

193.   Defendants willfully classified Plaintiffs in an effort to circumvent paying earned overtime; however, under applicable employment law, an employee is classified as exempt versus non-exempt according to her job duties. Non-exempt employees are entitled to overtime compensation regardless of whether they have an exempt title, if their duties do not reflect "exempt job duties" under the FLSA.

194.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

195.   At all relevant times, Defendants willfully, regularly, and repeatedly failed, and continue to fail to pay, the FLSA Collective Class Plaintiffs at the required overtime rates, for hours worked in excess of 40 hours per workweek.

196.   This Collective Action by similarly situated persons under 29 U.S.C. 216(b) is based upon the failure of the Defendants to reimburse the named Plaintiffs and the FLSA Collective Plaintiffs for certain transportation expenses that the named Plaintiffs and the FLSA Collective Plaintiffs seek to represent paid when those expenses were primarily for the benefit of

the named Defendants.

197.    Questions of law and fact common to collective employees as a whole include, but are not limited to the following:

  a.    Whether Defendants misclassified Plaintiffs and other collective employees as "exempt" versus "non-exempt";

  b.    Whether Defendants' policies and practices failed to accurately record all hours worked by Plaintiffs and other collective employees;

  c.    Whether Defendants failed to adequately compensate collective employees for expenses incurred for the direct benefit of Defendants as required by the FLSA;

  d.    Whether Defendants' policies and practices were to write down the time worked by Plaintiffs and collective employees;

  e.    Whether Defendants failed to include all remuneration in calculating the appropriate rates overtime and straight time;

  f.    Whether Defendants should be enjoined from continuing the practices which violate the FLSA; and

  g.    Whether Defendants are liable to the collective employees.

198.    As a result of Defendants' failure to pay overtime compensation for hours worked, as required by the FLSA, Plaintiff and collective employees were damaged in an amount to be proved at trial.

199.    Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, the FLSA Plaintiff and members of the FLSA Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages pay described pursuant to the FLSA.

200.    Alternatively, should the Court find that Defendants did act with good faith and reasonable grounds in failing to pay overtime wages, the FLSA Plaintiff and members of the FLSA Class are entitled to an award of pre-judgment interest at the applicable legal rate.

201.    Plaintiff, therefore, demands that she and collective employees be paid overtime compensation as required by the FLSA for every hour of overtime in any workweek for which they were not compensated, compensation for miscalculation of overtime, plus liquidated damages, interest and statutory costs as provided by law.

202.    Accordingly, Defendants are liable for compensatory damages pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs of this action, and such other legal and equitable relief as the Court deems just and proper.

## EIGHTH CAUSE OF ACTION

## VIOLATIONS OF THE UNITED STATES WORKER ADJUSTMENT AND RESTRAINING NOTIFICATION ACT

## (Violation of Federal Rule of Civil Procedure 23(a),(b)(1), and (3) and the WARN Act (29 U.S.C. §2104(a)(5))

**(By Plaintiffs and Members of the WARN Plaintiff Class Against All Defendants)**

203.    Plaintiffs re-allege and incorporate all preceding paragraphs as though fully set forth herein.

204.    At all times material herein, Plaintiffs, and similarly situated persons, have been entitled to the rights, protections and benefits provided under the WARN Act, 29 U.S.C. §2101 et seq. The WARN Act regulates the amount of notice an employer must provide to employees who will be terminated due to mass layoffs, as well as the back pay and other associated benefits an affected employee is due based on a violation of the required notice period.

205.    At all times relevant, Defendants were, and are, individually and collectively a business enterprise that employs more than 100 employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime and/or employs more than 100 employees excluding part-time employees.

206.    At all times relevant, Defendants were "employers" as that term is defined in 29 U.S.C. §2101(a)(1) and 20 C.F.R. §639 (a) and continue to operate as a business.

207.    Defendants constituted a "single employer" of Plaintiffs and proposed Class

1  Members.

2    208.    On or about January 21, 2017, February 24, 2017, and June 30, 2017, Defendants

3  ordered a "mass layoff" and/or closing of the facilities, as that term is defined in 29 U.S.C. §

4  2101(a)(2).

5    209.    The mass layoff resulted in "employment losses," as that term is defined by 29

6  U.S.C. § 2101(a)(1) for at least fifty (50) of Defendants' employees as well as 33% of Defendants'

7  workforce at each of the facilities, excluding part-time employees as that term is defined by 29

8  U.S.C. § 2101(a)(8).

9    210.    Plaintiffs and each of the other members of the Class were discharged by

10 Defendants without cause on their part, as part of or as the reasonably foreseeable result of the

11 mass layoff and/or plant closing ordered by Defendants.

12   211.    Plaintiffs and other WARN Class Members are "affected employees" of

13 Defendants within the meaning of 29 U.S.C. § 2101(a)(5).

14   212.    Defendants willfully violated the WARN Act by failing to provide the required

15 notice.

16   213.    Section 2103 of the WARN Act exempts certain employers from the notice

17 requirements of the Act.  29 U.S.C. §2103(1)-(2).  None of the WARN Act exemptions apply to

18 Defendants' failure to provide required notice to Plaintiffs and WARN Class

19 Members.  Accordingly, Plaintiffs and Class Members must receive the notice and back pay

20 required by the WARN Act.

21   214.    Plaintiffs and WARN Class Members have been damaged by Defendants'

22 conduct constituting violations of the WARN Act and are entitled to damages for their back pay

23 and associated benefits for each day of the violation.  Defendants have not acted in good faith

24 nor with reasonable grounds to believe that their acts and omissions were not a violation of the

25 WARN Act.

26   215.    Defendants did not announce their operational restructuring until after they began

27 mass layoffs of their employees.

28   216.    Notice was required to be received, not merely given, sixty (60) calendar days

before separation, and although most employees received their notice, they in some cases were given a matter of hours and in others thirty (30) days to gather their personal belongings, which is a further violation of the Act.

217.    Defendants knew or should have known that their own conduct was the cause of the actual change in business circumstance, as evidenced by their public statements, and were thus foreseeable.

218.    Defendants cannot allege in good faith that the terminations were unforeseeable due to business circumstances as the circumstances were a) not unexpected conditions outside the employers' control and therefore, b) not sudden or dramatic but in part because of their very own actions which they knew of long before the terminations.

219.    Defendants had plenty of advance opportunity to provide notice to Plaintiff and Members of the Class of the potential for mass layoffs and/or terminations, and instead willfully chose to remain silent in violation of the WARN Act.

220.    None of the affected employees were provided with sufficient advance written notice or in the alternative appropriate pay and benefits due under the WARN Act.

221.    Some of the affected employees were constructively discharged by Defendants.

222.    Defendants were aware of their liability under the WARN Act notice and payment requirements and wrongfully and knowingly failed to provide notice as required for their own economic gain.

223.    Business circumstances do not absolve the Defendants of liability under the Act.

224.    Each Plaintiffs are entitled to the amount of back pay and benefits for the period of the violation of the Act by Defendants.

225.    Plaintiffs have been required to retain counsel in this matter to protect Plaintiffs' rights and has incurred attorneys' fees and costs in this matter.  Thus, Defendants are also liable to Plaintiffs for their reasonable attorney fees under 29 U.S.C. § 2104.

///

///

///

## NINTH CAUSE OF ACTION

## VIOLATIONS OF THE CALIFORNIA WARN ACT

**(By Plaintiff Rogel on behalf of herself and the California WARN Class Against All Defendants.)**

226.    Plaintiffs reallege and incorporate by reference the preceding paragraphs of this Complaint as though set fully forth herein.

227.    In the twelve months preceding May 22, 2015, Defendants operated facilities in California in which they employed 75 persons or more.

228.    Defendants are employers as defined by California *Labor Code* § 1400(b).

229.    Defendants' facilities are "covered establishments" under California *Labor Code* § 1400(a).

230.    Plaintiffs and Class Members were employees as defined by California Labor Code § 1400(h).

231.    As set forth above, on May 22, 2015, Plaintiffs and Class Members were notified that their employment was being terminated, effective immediately.

232.    Prior to this May 22, 2015 mass layoff date, Defendants failed to provide any written notice to Plaintiffs or Class Members of the impending mass layoff/termination.

233.    There were no exigent or unforeseeable circumstances that excused Defendants from providing Plaintiffs and Class Members the required sixty-day notice.

234.    Defendants are therefore liable to Plaintiffs and California WARN Class Members for back pay and benefits for 60 days, as outlined in California *Labor Code* § 1402, civil penalties under California *Labor Code* § 1403, and attorney's fees under California *Labor Code* § 1404.

## TENTH CAUSE OF ACTION

## VIOLATIONS OF THE NEW JERSEY WARN ACT (N.J.S.A. § 34:21-1, *et seq.*)·

**(By Plaintiff Coleen Gray-Hay on behalf of herself and the New Jersey WARN Class Against All Defendants.)**

235.    Plaintiffs reallege and incorporate by reference the preceding paragraphs of this

Complaint as though set fully forth herein.

236.    Al all relevant times herein, the Defendants employed more than 100 employees, excluding part-time employees, who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

237.    At all relevant times, the Defendants were a business entity and was an "employer" as defined under the New Jersey WARN Act under N.J.S.A. § 34:21-1, et. seq., and has been an "establishment" operating for more than three (3) years, which makes them subject to the N.J.S.A. § 34:21-1, et. seq. notice requirements.

238.    As set forth above, on or about January 21, 2017, February 24, 2017, and June 30, 2017, or within thirty (30) days thereof; the Defendants ordered a mass layoff as defined under N.J.S.A. § 34:21-1, et. seq.

239.    Plaintiff Coleen Gray-Hay and the members of the New Jersey WARN Class were terminated by the Defendants as defined under N.J.S.A. § 34:21-1, et. seq., having been terminated without cause.

240.    The Defendants were required by the New Jersey WARN Act to give the Plaintiff Coleen Gray-Hay and the members of the New Jersey WARN Class at least sixty (60) days advanced written notice of their termination.

241.    The Defendants failed to give Plaintiff Coleen Gray-Hay and the members of the New Jersey WARN Class written notice that complied with the New Jersey WARN Act.

242.    As a result of the Defendants failing to comply with the NJ WARN Act, Defendant is liable to Plaintiff Coleen Gray-Hay and the members of the New Jersey WARN Class for severance pay in the amount of one week of pay for each full year of service, plus the value of lost benefits, compensatory damages, and other remuneration, in addition to attorney's fees, interest and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, and on behalf of the members of the Classes, prays for judgment against Defendants as follows:

1.    For an order certifying the proposed classes;

-43-

2.      For nominal damages;

3.      For equitable relief, in the nature of declaratory relief, restitution of all monies due to Plaintiff and members of the Plaintiff Class, and disgorgement of profits from the unlawful business practices of Defendants, and accounting;

4.      For penalties as permitted by the California Labor Code, and the regulations, standards and applicable wage orders promulgated thereunder, specifically including, but not limited to penalties permitted by *Labor Code* §§ 200, 201-203, 226, 226(a), 226.7, 510, 551, 552, and 1194;

5.      For interest as permitted by statute, including California *Labor Code* § 218.6;

6.      For costs of suit and expenses incurred herein as permitted by statute, including California *Labor Code* §§ 226 and 1194;

7.      For attorneys' fees as permitted by statute, including California *Labor Code* §§ 226 and 1194;

8.      Designation of this action as a collective action on behalf of the members of the FLSA Class and promptly issue notice pursuant to 29 U.S.C. § 216(b) to all members of the opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consents to join pursuant to 29 U.S.C. § 216(b);

9.      A declaration that Defendants are financially responsible for notifying all FLSA Class Members of their alleged violations;

10.     Designation of Bradley/Grombacher LLP as the attorneys representing the FLSA Collective Class;

11.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201 et seq.;

12.     An award of damages for compensation due to the FLSA Collective Plaintiff and members of the FLSA Class, including liquidated damages, to be paid by Defendants;

13.     Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

14.     Pre-Judgment and post-Judgment interest, as provided by law; and,

15.    Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  April 12, 2019                         **BRADLEY/GROMBACHER, LLP**


By:   /s/*Kiley L. Grombacher*
Marcus J. Bradley, Esq.
Kiley L. Grombacher, Esq.
Taylor L. Emerson, Esq.
Attorneys for Plaintiff


## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Dated:  April 12, 2019                         **BRADLEY/GROMBACHER, LLP**


By:   /s/*Kiley L. Grombacher*
Marcus J. Bradley, Esq.
Kiley L. Grombacher, Esq.
Taylor L. Emerson, Esq.
Attorneys for Plaintiff

CLASS AND COLLECTIVE ACTION COMPLAINT